Tucker, Richard T., J.
This medical malpractice matter came on for hearing upon defendant Joseph Marfori, M.D.’s (Marfori) Motion for Summary Judgment. The sole issue for determination is whether or not Marfori is a “public employee” and thus entitled to the protections of the Massachusetts Tort Claims Act, M.G.L. c. 258.
Applicable Standard
Summary judgment shall be granted only where there are no genuine issues of material fact in dispute and where the summary judgment record entitles the moving parly to judgment as a matter of law. Opara v. Massachusetts Mutual Life Insurance Company, 441 Mass. 539, 544 (2004); Cassesso v. Commissioner of Corrections, 390 Mass. 419, 422 (1983); Cmty. Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). In deciding a motion for summary judgment, the court views the facts “in the light most favorable to . . . [the non-moving party], taking all the facts set forth in its supporting affidavits as true.” G.S. Enters., Inc. v. Falmouth Marine, Inc., 410 Mass. 262, 263 (1991). The moving party bears the burden of affirmatively demonstrating the absence of a genuine *121 issue of material fact on every relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 17(1989). Once the moving party demonstrates the absence of a triable issue, “the non-moving party may not simply rest on pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.” Correllas v. Viveiros, 410 Mass. 314, 317 (1991), quoting Mass.RCiv.P. 56(e). “A complete failure of proof concerning an essential element of the non-moving party’s case renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991), citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
DISCUSSION
Marfori was, in April 2003, a second year medical resident employed by the University of Massachusetts Medical School (University) and assigned to an emergency medicine rotation at St. Vincent Hospital (St. Vincent’s), Worcester, Massachusetts. At all times relevant to the incident for which the plaintiff claims injury as a result of substandard medical treatment, Marfori provided medical services to the plaintiff at St. Vincent’s as part of his residency rotation and under the direction and supervision of the attending physician, James D. Sullivan, Jr., M.D. (Dr. Sullivan). At all such times relevant, Dr. Sullivan was acting as an employee of St. Vincent’s. The relationship between the University and St. Vincent’s was set forth in a document entitled the Graduate Medical Education Agreement (GMEA). The GMEA provided, among other things, that St. Vincent’s and its staff would provide direct supervision of the resident physicians performing any of their residency rotations at St. Vincent’s. Additionally, while providing services at St. Vincent’s, the GMEA required that all resident physicians abide by the hospital policies, rules, bylaws, regulations and procedures.
Although Marfori argues that many of the indicia of employment with the University, such as compensation, benefits and the right to terminate exist, the determination of whether a particular physician is a “public employee" as that term is used under the provisions of the Massachusetts Tort Claims Act, M.G.L.c. 258 is a matter of fact to be found from all the circumstances especially in instances where the physician works at a hospital other than his customary one. Kelley v. Rossi, 395 Mass. 659, 661-65 (1985). The mere fact that the University might be a public employer does not mean that all of its physicians are, at all times, “public employees” under the Tort Claims Act. McNamara v. Honeyman, 406 Mass. 43, 49 (1989). Nor does the fact that a public employer provides the physician the normal benefits of employment such as salary, insurance etc. establish that in fact such physician is a “public employee.” The Massachusetts courts have determined that in most instances a physician will act as an independent contractor in providing services and not as a public employee, Williams v. Hartman, 413 Mass. 398, 400-01 (1992), and will only be determined to be an employee of the Commonwealth of Massachusetts when it is shown that the Commonwealth controls the details of the physician’s activities. McNamara, 406 Mass. at 48. Kelly v. Rossi, 395 Mass. 659, 662 (1985). The determination of this issue of whether the requisite control of physical activities lies with the University or St. Vincent’s is a question which must be determined upon all facts in issue. Viewing the summary judgment record in the light most favorable to the plaintiff there is, at the very least, a genuine issue of material fact for determination as to which medical entity, the University or St. Vincent’s, exercised control over the details of Marfori’s activities during the relevant period of treatment. Because such genuine issues of material fact exists, it cannot be determined that Marfori as a matter of law was a public employee as that term is used in M.G.L.c. 258 at the time of the treatment in question.[1] Therefore, summary judgment is not appropriate.
ORDER
It is therefore ORDERED that the Motion of the defendant Joseph Marfori, M.D. for Summary Judgment is DENIED.

 The determination of the legal status of a physician while providing treatment is not susceptible of hard and fixed rules, especially when multiple entities set the relationship with the physician by agreement. As the Supreme Judicial Court stated in Hoenleitner v. Quorum Health Resources, Inc., 435 Mass. 424, 438-39 (2001). “. . . no general rule can be stated in this type of case. The cases will be fact specific and liability may be influenced by the lawful arrangements parties to a written contract for professional services have made between themselves.”